UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LINDA COOK,<br><br>    Plaintiff,<br><br>    v.<br><br>BEN HOSSIENZADEH ET AL.,<br><br>    Defendants. | CASE NO. 2:25-cv-02013-JHC<br><br>ORDER |

    This matter comes before the Court on pro se Plaintiff's Motion to Recuse (Dkt. # 11) and Motion for Case Reassignment (Dkt. # 12). The Court has reviewed the motions, the record, and the governing law. Being fully advised, the Court DENIES the motions and DIRECTS the Clerk to refer the motions to Chief Judge David Estudillo for further review.

    Under the local rules, "[w]henever a motion to recuse directed at a judge of this court is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, the challenged judge will review the motion papers and decide whether to recuse voluntarily." LCR 3(f). "If the challenged judge decides not to voluntarily recuse, he or she will direct the clerk to refer the motion to the chief judge." *Id.*

ORDER - 1

1   A judge of the United States must recuse from any proceeding in which their "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Federal judges must also disqualify themselves when they have "a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." *Id.* § 455(b)(4). But a judge is not disqualified by a "prior adverse ruling" in the case, "a litigant's suit or threatened suit against [the judge]," "a litigant's intemperate and scurrilous attacks [against the judge]," or any other factors that do not speak to the issue of the judge's impartiality. *See United States v. Studley*, 783 F.2d 934, 939-40 (9th Cir. 1986) (collecting cases).

Here, Plaintiff has presented no cognizable legal basis for recusal or reassignment. Plaintiff says that she is entitled to recusal, disqualification, and/or reassignment of her case because the undersigned judge's nomination to the federal judiciary violated the Appointments Clause of the U.S. Constitution. *See generally* Dkt. ## 11; 12. But Plaintiff alleges no facts that would allow a reasonable person to question the undersigned judge's impartiality. As the undersigned makes rulings in each case based on the issues presented by the parties or on sua sponte review and has no personal bias or reason to be partial to one side or the other in this matter, he declines to voluntarily recuse himself from this case. The Court also finds that Plaintiff has failed to present "clear evidence" that the undersigned judge's constitutional nomination was irregular. In the absence of such evidence, the Court concludes that Plaintiff is not entitled to case reassignment on jurisdictional grounds nor an adjudication of the constitutional propriety of the undersigned judge's nomination prior to the Court ruling on her claims.

Accordingly, the Court DENIES Plaintiff's motions at Dkt. # 11 and # 12 and DIRECTS the Clerk to refer this matter to Chief Judge David Estudillo for further review.

Dated this 24th day of November, 2025.

John H. Chun
United States District Judge

ORDER - 3