UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LINDA COOK,<br><br>                    Plaintiff,<br><br>         v.<br><br>BEN HOSSEINZADEH et al.,<br><br>                    Defendant. | CASE NO. 2:25-cv-02013-JHC<br><br>ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 13) |

This matter comes before the Court on Judge. John H. Chun's denial (Dkt. No. 13) of Plaintiff's motions for recusal (Dkt. No. 11) and reassignment (Dkt. No. 12).  Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse themself from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, they "will direct the clerk to refer the motion to the chief judge."  Accordingly, this Court now reviews Judge Chun's decision not to recuse.

Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455.  Recusal is required if a judge's impartiality might reasonably be questioned or if the judge harbors personal

1  bias or prejudice against a party.  28 U.S.C. § 455(a), (b)(1).  Such bias or prejudice must derive

2  from an extrajudicial source.  *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, 2022 WL

3  501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984).

4  Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a

5  reasonable person with knowledge of all the facts would conclude that the judge's impartiality

6  might reasonably be questioned."  *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993).

7  This is an objective inquiry concerned with whether there is the appearance of bias, not whether

8  there is bias in fact.  *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992).

9       Plaintiff contends that her contemporaneously filed motion for reassignment "creates a

10  self-evident, extra-judicial conflict of interest for Judge Chun that requires his recusal or

11  disqualification from ruling on the Motion for Reassignment." (Dkt. No. 10 at 1–2.)  This claim

12  is unpersuasive.  "A party cannot manufacture grounds for recusal by fantastic allegations, by

13  vague accusations or by alleging in conclusory terms that a judge is biased, by filing an ethics

14  complaint against a judge, or even by suing a judge."  *Royer v. Pennsylvania State Univ.*, No.

15  03:00-CV-290-KRG-KAP, 2012 WL 956422, at *1 (W.D. Pa. Feb. 28, 2012), *report and*

16  *recommendation adopted*, 2012 WL 954710 (W.D. Pa. Mar. 20, 2012) (internal citation

17  omitted).  Put another way, "[a]utomatic disqualification of a judge cannot be obtained by the

18  simple act of suing the judge, particularly where the suit is primarily based on the judge's prior

19  judicial rulings."  Guide to Judiciary Policy, Vol. 2: Ethics and Judicial Conduct, Pt. B: Ethics

20  Advisory Opinions, Published Advisory Opinion No. 103, at 191,

21  https://www.uscourts.gov/sites/default/files/2025-03/guide-vol02b-ch02.pdf.  Under Canon

22  3C(1)(d)(i) of the Code of Conduct for United States Judges, if a litigant with a case pending

23  before a judge responds to an adverse ruling by initiating a complaint against the judge, that

24

1  judge is "not automatically disqualified from participating in other, unrelated cases involving the
2  same litigant, whether they are filed before or after the complaint in which the judge is a
3  defendant." Committee on Codes of Conduct Advisory Opinion No. 103: Disqualification Based
4  on Harassing Claims Against Judge (June 2009).

5  Though Plaintiff has not initiated a lawsuit against Judge Chun, the basis for her recusal
6  motion is that she filed a motion for reassignment against Judge Chun based on a challenge to
7  the "constitutional validity" of his nomination to the federal judiciary. (Dkt. No. 10 at 3.) This
8  is not evidence of bias nor a valid basis for recusal. Furthermore, in relation to her motion for
9  reassignment, Plaintiff fails to present "clear evidence" that Judge Chun's constitutional
10 nomination was irregular. The Court finds no evidence that would lead a reasonable person to
11 question Judge Chun's impartiality.

12 Accordingly, the Court AFFIRMS Judge Chun's denial (Dkt. No. 13) of Plaintiff's
13 motions for recusal and reassignment (Dkt. Nos. 10, 11).

14 Dated this 1st day of December, 2025.

David G. Estudillo
United States District Judge

ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 13) - 3