UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LINDA COOK,<br><br>        Plaintiff,<br><br>    v.<br><br>BEN HOSSIENZADEH ET AL.,<br><br>        Defendants. | CASE NO. 2:25-cv-02013-JHC<br><br>ORDER |

This matter comes before the Court on pro se Plaintiff's Motion for Reconsideration. Dkt. # 23.  The Motion requests reconsideration of two orders: (1) Judge Chun's November 24, 2025 Order denying Plaintiff's motions for recusal and case reassignment (Dkt. # 13); and (2) Chief Judge David Estudillo's December 1, 2025 Order affirming Judge Chun's denial of Plaintiff's motions (Dkt. # 14).  For the reasons below, the Court DENIES the Motion with respect to the order at Dkt. # 13 and DIRECTS the Clerk to refer the Motion to Chief Judge David Estudillo for further review.

Reconsideration is an "extraordinary remedy" and is generally disfavored.  *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *see also* LCR 7(h)(1) ("Motions for reconsideration are disfavored.").  Accordingly, "[t]he court will ordinarily deny such motions in

ORDER - 1

the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1).  "'Manifest error' is 'an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record.'" *Munoz v. Locke*, 2013 WL 12177035, at *2 (W.D. Wash. Feb. 8, 2013) (quoting BLACK'S LAW DICTIONARY (9th ed. 2009)).  "Mere disagreement with a previous order is an insufficient basis for reconsideration," *id*, and "reconsideration should not be used to ask the Court to 'rethink what it had already thought through—rightly or wrongly.'" *Innovative Sols. Int'l, Inc. v. Houlihan Trading Co.*, 2025 WL 1135037, at *1 (W.D. Wash. Apr. 17, 2025) (quoting *Wilcox v. Hamilton Constr., LLC*, 426 F. Supp. 3d 788, 791 (W.D. Wash. 2019)).

Additionally, motions for reconsideration must comply with certain procedure and timing requirements.  *See* LCR 7(h)(2).  The Local Rules require a motion for reconsideration to: (1) be "filed within fourteen days after the order to which it relates is filed"; and (2) "point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling."  *Id*.  They also note that "[f]ailure to comply with [these instructions] may be grounds for denial of the motion."  *Id*.

Here, Plaintiff's Motion fails to satisfy the applicable standards.  To begin, Plaintiff's Motion is untimely and thus can be dismissed on this ground alone.  Plaintiff filed this Motion on December 29, 2025, more than 14 days after November 24, 2025 (the date of Judge Chun's Order).  As motions for reconsideration must be "filed within fourteen days after the order to which it relates is filed[,]" Plaintiff's Motion is clearly untimely.  *See* LCR 7(h)(2).  But even if Plaintiff's Motion were timely, the Court would still deny Plaintiff's request to reconsider the Order at Dkt. # 13.  Although Plaintiff disagrees with the Court's prior ruling and states that it

ORDER - 2

committed "clear legal error," Plaintiff's Motion fails to establish a "manifest error," i.e., "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *See Munoz*, 2013 WL 12177035, at *2. The Court thus finds that Plaintiff has failed to meet the high bar for reconsideration under Local Rule 7(h)(1) and DENIES Plaintiff's Motion for Reconsideration with respect to the order at Dkt. # 13.

The Court DIRECTS the Clerk to refer this matter to Chief Judge David Estudillo for further review.

Dated this 5th day of January, 2026.

John H. Chun
United States District Judge

ORDER - 3