UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LINDA COOK,<br><br>                    Plaintiff,<br><br>       v.<br><br>BEN HOSSEINZADEH et al.,<br><br>                    Defendant. | CASE NO. 2:25-cv-02013-JHC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION (DKT. NO 23) |

This matter comes before the Court on Plaintiff's motion for reconsideration (Dkt. No. 23) of District Judge John H. Chun's order denying recusal (Dkt. No. 13) and this Court's order affirming denial of recusal (Dkt. No. 14).

"Motions for reconsideration are disfavored.  The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1).  "'Manifest error' is 'an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record.'"

ORDER DENYING MOTION FOR RECONSIDERATION (DKT. NO 23) - 1

1   *Munoz v. Locke*, No. C10-1475-JCC2013, WL 12177035, at *2 (W.D. Wash. Feb. 8, 2013)

2   (quoting BLACK'S LAW DICTIONARY (9th ed. 2009)).  "Mere disagreement with a previous order

3   is an insufficient basis for reconsideration," *id*, and "reconsideration should not be used to ask

4   the Court to 'rethink what it had already thought through—rightly or wrongly.'" *Innovative Sols.*

5   *Int'l, Inc. v. Houlihan Trading Co.*, No. C22-0296-JCC, 2025 WL 1135037, at *1 (W.D. Wash.

6   Apr. 17, 2025) (quoting *Wilcox v. Hamilton Constr., LLC*, 426 F. Supp. 3d 788, 791 (W.D.

7   Wash. 2019)).

8         Additionally, motions for reconsideration must comply with certain procedure and timing

9   requirements.  For example, a motion for reconsideration must be "filed within fourteen days

10  after the order to which it relates is filed."  LCR 7(h)(2).  Failure to comply with these

11  instructions "may be grounds for denial of the motion."  *Id.*  Here, as pointed out in Judge

12  Chun's order denying reconsideration, Plaintiff's motion is untimely and can be dismissed on

13  this ground alone.  (Dkt. No. 25 at 2.)  Plaintiff filed this motion on December 29, 2025, more

14  than 14 days after November 24, 2025 (the date of Judge Chun's order) and December 1, 2025

15  (the date of this Court's order).  (*See* Dkt. Nos. 13, 14.)

16        The Court also denies Plaintiff's motion on the merits.  Plaintiff's motion for

17  reconsideration reemphasizes her constitutional challenge to the validity of Judge Chun's judicial

18  nomination, and argues the Court failed to consider this evidence in light of 28 U.S.C.

19  § 455(b)(4).  (*See* Dkt. No. 23 at 4-5.)  Specifically, § 455(b)(4) requires a judge to disqualify

20  themselves if they knew they have a financial interest in the subject matter in controversy, or any

21  other interest that could be substantially affected by the outcome of the proceeding.  However,

22  the Court reiterates that Plaintiff failed to present clear evidence that Judge Chun's nomination

23  was irregular.  Therefore, § 455(b)(4) is not applicable here.

24

1       Plaintiff further cites several instances of "procedural irregularities" that occurred after the denial of her recusal motion. (Dkt. No. 23 at 7-8.) These instances include failing to rule on a motion before Defendants filed a motion to dismiss and re-noting another motion "without explanation." (*Id.*) Neither of these situations support a conclusion that Judge Chun had any bias against Plaintiff. First, there is no strict deadline for a court to decide a pending motion, and instead "[a]ll motions will be decided as soon as practicable." LCR 7(b)(5). Second, judges have discretion to renote a pending motion. *See* LCR 7(l) ("The court may renote a pending motion to ensure compliance with applicable court rules or for other reasons.")

      Accordingly, having reviewed the motion for reconsideration and the remainder of the record, the Court hereby DENIES Plaintiff's motion for reconsideration. (Dkt. No. 23.)

      Dated this 16th day of January, 2026.

David G. Estudillo
United States District Judge

- 3