UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LINDA COOK,

                    Plaintiff,

        v.

BEN HOSSIENZADEH ET AL.,

                    Defendants.

CASE NO. 2:25-cv-02013-JHC

ORDER

**I**

**INTRODUCTION**

This matter comes before the Court on Plaintiff's Motion for Entry of Default (Dkt. # 15), Plaintiff's Motion for Judicial Notice and Show Cause Order (Dkt. # 20), and Plaintiff's Motion for a Scheduling Order (Dkt. # 19). The Court has reviewed the materials filed in support of and in opposition to the motions, the record, and the governing law. Being fully advised, the Court: (1) DENIES the Motion for Entry of Default (Dkt. # 15); (2) DENIES the Motion for Judicial Notice and Show Cause Order (Dkt. # 20); and (3) GRANTS in part and DENIES in part Plaintiff's Motion for a Scheduling Order (Dkt. # 19).

ORDER - 1

## II

### BACKGROUND

Pro se Plaintiff Linda Cook initiated this action on October 16, 2025.  Dkt. # 1.  The Complaint names three King County officers as defendants in their individual capacities (the Named Defendants)—Ben Hossienzadeh (Code Enforcement Officer II for the Permitting Division of the King County Department of Local Services), Jeri Breazeal (Lead Code Enforcement Officer for the Permitting Division of the King County Department of Local Services), and Crystal Correa (Deputy Prosecuting Attorney for the King County Prosecuting Attorney's Office).  *Id*. at 2–3.  It also names "Does # 1-100" as defendants.  *Id*. at 3.  Per the Complaint, the "Doe Defendants" are "unknown to Plaintiff and are sued under fictitious names[,]" but Plaintiff believes based on information and belief that they are each "in some manner responsible for the wrongs and damages alleged [in the Complaint.]"  *Id*.

On November 4, 2025, counsel appeared on behalf of the Named Defendants.  Dkt. # 4.  Soon after, Plaintiff moved to recuse the undersigned judge (Dkt. # 11) and to have her case reassigned to a different judicial officer (Dkt. # 12).  Both motions were denied.  *See* Dkt. ## 13 & 14.

On December 8, 2025, Plaintiff moved for default against the Named Defendants.  Dkt. # 15.  The next day, the Named Defendants moved to dismiss the Complaint.  Dkt. # 16.  Plaintiff then filed a "Motion for Judicial Notice of Conferral and Show Cause Order for Counsels' Eligibility to Appear," arguing that the King County Prosecuting Attorney's Office must verify that it is authorized to represent the Named Defendants before it may appear on their behalf in this action.  *See* Dkt. # 20.  The same day, Plaintiff requested that the Court enter a scheduling order for briefing and adjudication of the three pending motions—Plaintiff's Motion for Entry of

ORDER - 2

Default (Dkt. # 15), Defendants' Motion to Dismiss (Dkt. # 16), and Plaintiff's Motion for Judicial Notice and Show Cause Order (Dkt. # 20). *See* Dkt. # 19.

Two weeks later, Plaintiff filed another motion—"Plaintiff's Verified Motion for Reconsideration of Interlocutory Orders Pursuant to FRCP 54(b) and the Court's Inherent Authority"—asking the Court to reconsider its orders denying Plaintiff's requests for recusal and case reassignment. *See* Dkt. # 23. The reconsideration motion was denied, *see* Dkt. ## 25 & 27, and the Court now proceeds to the merits of Plaintiff's pending motions (Dkt. ## 15, 20, & 19).

# III

## DISCUSSION

A.      Plaintiff's Motion for Entry of Default (Dkt. # 15)

Plaintiff requests that the Court enter default against the Named Defendants pursuant to Federal Rule of Civil Procedure 55(a) and Local Civil Rule 55(a). Dkt. # 15 at 1. She argues that default is appropriate, as Defendants were properly served and then failed to plead or otherwise defend before this motion was filed. *See generally id*. For the reasons below, the Court denies Plaintiff's request.

Under Federal Rule of Civil Procedure 55(a) and Local Civil Rule 55(a), a party may move for default against a party "whom a judgment for affirmative relief is sought but who has failed to plead or otherwise defend." LCR 55(a); *see also* Fed. R. Civ. P. 55(a). The rules direct the clerk to enter default upon such a motion, provided the motion is filed in accordance with LCR 7(d)(1) and supported by an affidavit that specifically shows that the defaulting party was served in a manner authorized by Federal Rule of Civil Procedure 4. *See* LCR 55(a). "[I]n the case of a defaulting party who has entered an appearance, the moving party must [also] give the defaulting party written notice of the requesting party's intention to move for the entry of default

ORDER - 3

at least fourteen days prior to filing its motion and must provide evidence that such notice has been given in the motion for entry of default." *Id*.

But while the rules authorize entry of default in theory, a "court cannot enter default judgment if the defendants were not properly served." *BMO Harris Bank N.A. v. Singh*, 2025 WL 1672067, at \*2 (E.D. Cal. June 13, 2025), *report and recommendation adopted*, 2025 WL 1808692 (E.D. Cal. July 1, 2025). And the Ninth Circuit has declared that "default judgments are ordinarily disfavored[,]" as "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

Here, the Court finds default inappropriate. To begin, the Court cannot conclude that the Named Defendants were properly served in accordance with Federal Rule of Civil Procedure 4. Although Plaintiff contends that "[o]n October 20 and 23, 2025 a summons was served to each of the three named Defendants[,]" *see* Dkt. # 15 at 1, the Named Defendants have presented credible evidence that at least one of them was not properly served, as Jeri Breazeal allegedly died on March 2, 2025, and service cannot be made on a dead person. *See* Dkt. # 17-3 at 2 (Jeri Breazeal's death certificate); *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 954 (9th Cir. 2020) (collecting cases) ("[T]he dead cannot sue or be sued."). Plaintiff has thus failed to specifically show that the defaulting parties were served in a manner authorized by the federal rules as required by Federal Rule of Civil Procedure 55(a) and Local Civil Rule 55(a).

The Court also notes that after Plaintiff's Motion for Entry of Default was filed, the Named Defendants filed a Motion to Dismiss, responded to Plaintiff's pending motions, and otherwise presented evidence that would prevent the Court from issuing a default judgment in favor of Plaintiff. *See generally* Dkt. The Court thus finds it is now "reasonably possible" to decide the case on the merits, making default disfavored. *See Eitel*, 782 F.2d at 1472.

ORDER - 4

Accordingly, the Court concludes that entry of default is inappropriate given the circumstances of this case.  It thus DENIES Plaintiff's Motion for Entry of Default (Dkt. # 15).

B.    Plaintiff's Motion for Judicial Notice and Show Cause Order (Dkt. # 20)

Plaintiff requests that the "Court take notice of [her] good faith efforts to confer with Defendants' counsel on the subject matter of this motion and issue a show cause order pursuant to its inherent authority . . . to compel timely and full disclosure of the documents specified in [this motion], as required by State law, to verify that King County is authorized to use taxpayer resources to defend and indemnify Defendants sued in their personal capacities and thus that Defendants' counsel is eligible to appear in the instant matter."  Dkt. # 20 at 1–2.  For the reasons below, the Court denies Plaintiff's request.

According to Plaintiff, attorneys from the King County Prosecuting Attorney's Office are ineligible to represent the Named Defendants in their individual and personal capacities unless: (a) the Defendants requested representation from King County; and (b) the King County Prosecuting Attorney's Office determined "that the employees 'have performed or acted in good faith, within the scope of . . . employment with the county, and with no reasonable cause to believe the conduct was unlawful.'"  *Id*. at 2 (quoting KCC 2.21.050.B.1).  She also alleges that under the Washington State Public Records Act, RCW 42.56.070, "the documents that verify [King County's] authority to utilize the public fisc to defend and indemnify its employees, and thus eligibility of Counsel to appear in the instant action per LCR 83.2(a), are subject to public disclosure."  Dkt. # 20 at 2–3.  Plaintiff thus requests that the Court issue an order compelling full and timely public disclosure of documents that verify: (1) Defendants' request for defense and indemnification from King County; (2) the authority of the King County Prosecuting Attorney's Office to defend and indemnify Defendants, and (3) the actual date(s) that such documents were created and/or made available to the public.  *Id*. at 7.  In making this request,

ORDER - 5

Plaintiff both implicitly and explicitly contends that without these disclosures, Defense counsel is ineligible to appear on behalf of the Named Defendants and thus the action cannot proceed. *Id.* at 4, 6; *see also* Dkt. # 26 at 3, 5.

The Court agrees with the first part of Plaintiff's argument: under Washington law, the King County Prosecuting Attorney's Office may provide legal representation and indemnification to county employees if such representation is requested by the employee and the county determines that the employee's act was performed in good faith and within the scope of their employment. *See* KCC 2.21.050.B.1; *see also* RCW 4.96.041, 36.27.030; *Hanson v. Carmona*, 1 Wn.3d 362, 384, 525 P.3d 940 (2023) ("[A]n employee of a local governmental entity can request the entity cover their defense to a claim that arises 'from acts or omissions while performing or in good faith purporting to perform his or her official duties.' The request shall be granted if the entity finds this to be the case."). It also agrees with Plaintiff's assertion that state agencies are subject to certain disclosure requirements under RCW 42.56.070.

The Court, however, disagrees with the second part of Plaintiff's argument: that Plaintiff is entitled to an order to show cause and that these statutes render Defense counsel's current appearance on behalf of the Named Defendants unlawful. Plaintiff cites no authority, nor is the Court aware of any, that would require the King County Prosecuting Attorney's Office to prove its authority to represent the Named Defendants in the way proposed by Plaintiff before appearing in this action. Plaintiff also cites no authority, nor is the Court aware of any, that would allow Plaintiff to bring an enforcement action under any of these statutes or otherwise entitle Plaintiff to a court order compelling the King County Prosecuting Attorney's Office to disclose certain documents before appearing on behalf of the Named Defendants. Given this lack of authority, the Court cannot find that Defense counsel is ineligible to appear on behalf of the Named Defendants.

ORDER - 6

Because of this, the Court also finds Plaintiff's fraud on the court argument unavailing. Per the cited statutes, the King County Prosecuting Attorney's Office has the explicit authority to represent and indemnify its officers, even when said officers are sued in their personal capacities. *See* KCC 2.21.050.B.1; RCW 4.96.041.  These statutes also explicitly grant King County the authority to determine which officers qualify for such representation and indemnification.  *See id*.  The Court thus finds no fraud on the court, as Washington law explicitly permits attorneys from the King County Prosecuting Attorney's Office to represent King County employees sued in their individual capacities, such as the Named Defendants here.

Given this authority, the Court does not find that Defense counsel is currently ineligible to appear or should otherwise be disqualified.  It also finds no valid basis to require the King County Prosecuting Attorney's Office to prove their authority or make the requested disclosures to Plaintiff before appearing on behalf of the Named Defendants.  It thus finds no reason to take judicial notice of Plaintiff's good-faith efforts to confer nor issue a show cause order on this topic.  Accordingly, the Court DENIES Plaintiff's Motion for Judicial Notice and Show Cause Order (Dkt. # 20).

C.      Plaintiff's Motion for a Scheduling Order (Dkt. # 19)

Plaintiff requests that the Court issue a scheduling order for adjudication and briefing on the pending motions at Dkt. ## 15, 16, and 20.  *See* Dkt. # 19 at 2.  She also requests that the Court resolve Plaintiff's pending motions at Dkt. ## 15 and 20 before requiring Plaintiff to respond to Defendants' Motion to Dismiss at Dkt. # 16.  *See* Dkt. # 19 at 2.  For the reasons below, the Court grants Plaintiff's request as to Defendants' Motion to Dismiss (Dkt. # 16), but otherwise denies Plaintiff's request for a scheduling order as moot.

Because Plaintiff's motions at Dkt. ## 15 and 20 have already been briefed by the parties and resolved by the Court in parts III.A and III.B of this Order, Plaintiff's request for a

scheduling order as to these motions is moot. But the Court does find it necessary to issue a scheduling order for Defendants' Motion to Dismiss (Dkt. # 16), as the briefing on this motion is incomplete. It thus DENIES in part and GRANTS in part Plaintiff's Motion for a Scheduling Order (Dkt. # 19).

In issuing this Order, however, the Court notes that failing to file a timely response or filing multiple motions is typically an insufficient basis to receive relief from deadlines. So moving forward, the parties are well advised to comply with the noting dates, briefing schedules, and other deadlines set forth by this Order and the federal and local rules.

## IV

### CONCLUSION

For these reasons, the Court:

(1) DENIES Plaintiff's Motion for Entry of Default (Dkt. # 15).

(2) DENIES Plaintiff's Motion for Judicial Notice and Show Cause Order (Dkt. # 20).

(3) GRANTS in part and DENIES in part Plaintiff's Motion for a Scheduling Order (Dkt. # 19).

(4) ORDERS that Defendants' Motion to Dismiss (Dkt. # 16) shall have the following briefing schedule:

- Any opposition by Plaintiff must be filed no later than February 12, 2026.

- Any reply by Defendants must be filed no later than February 19, 2026.

(5) DIRECTS the Clerk to re-note the motion at Dkt. # 16 for February 19, 2026.

Dated this 22nd day of January, 2026.

John H. Chun
John H. Chun
United States District Judge

ORDER - 8