UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LINDA COOK,

               Plaintiff,

     v.

BEN HOSSIENZADEH ET AL.,

               Defendants.

CASE NO. 2:25-cv-02013-JHC

ORDER

This matter comes before the Court on Defendants Hossienzadeh, Correa, and King County's Motion to Dismiss.  Dkt. # 35.  The Court has considered the materials filed in support of and in opposition to the motion, the rest of the file, and the governing law.  Being fully advised, for the reasons below, the Court GRANTS Defendants' Motion.

Defendants move to dismiss Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6).  To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

ORDER - 1

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true, and construe them in the light most favorable to the non-moving party." *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). In a pro se action, the court must also "construe the pleadings liberally and [ ] afford the [pro se plaintiff] the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)). But pro se or not, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555); *see also In re VeriFone Sec. Litig.*, 11 F.3d 865, 868 (9th Cir. 1993) ("Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). And a court can (and should) dismiss a complaint if it lacks a "cognizable legal theory" or "sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

Plaintiff's Amended Complaint asserts claims against Defendants under 42 U.S.C. § 1983. *See generally* Dkt. # 33. To state a claim under § 1983, however, a plaintiff must first establish that there was a deprivation of a federal right, i.e., "that a right secured by the Constitution or laws of the United States was violated" and that this right was "unambiguously conferred" by federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)); *Gonzaga Univ. v. Doe*, 536 U.S. 273, 283 (2002). But Plaintiff's asserted right—a right to be free from local zoning regulations and impairment of the use and enjoyment of one's land by local regulatory authorities—is not an unambiguously

ORDER - 2

conferred right under the Constitution or any federal statute.[1]  Nor does the Complaint allege any facts that could be construed liberally to support an alternate theory of deprivation for Plaintiff's § 1983 claims to survive.  *See generally* Dkt. # 33.

Likewise, without a clear violation of federal law, Plaintiff cannot overcome Defendants' immunity arguments.  *See, e.g.*, *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) ("The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.") (citation and internal quotation marks omitted); *Cannon v. Polk Cnty./Polk Cnty. Sheriff*, 68 F. Supp. 3d 1267, 1291 (D. Or. 2014), *aff'd sub nom. Cannon v. Polk Cnty.*, 702 F. App'x 527 (9th Cir. 2017) (explaining that a prosecutor is entitled to absolute immunity, even if they violate a person's constitutional rights, so long as they are performing "the traditional functions of an advocate") (citation and internal quotation marks omitted).  Nor can Plaintiff plausibly plead the elements of a *Monell* claim for municipal liability.  *See, e.g.*, *Ass'n for Los Angeles Deputy Sheriffs v. Cnty. of Los Angeles*, 648 F.3d 986, 992–93 (9th Cir. 2011) ("To bring a § 1983 claim against a local government entity, a plaintiff must plead that a municipality's policy or custom caused a violation of the plaintiff's constitutional rights.").

---

[1] *See, e.g.*, *Eldridge v. Trezevant*, 160 U.S. 452, 468 (1896) (rejecting the argument that property conveyed through federal land patents are entitled to be exempted from state and local regulations); *Virgin v. County of San Luis Obispo*, 201 F.3d 1141, 1144 (9th Cir. 2000) ("[P]roperty received through federal land patents is subject to state and local regulations."); *Bowers v. Whitman*, 671 F.3d 905, 915 (9th Cir. 2012) ("It is well established that there is no federal Constitutional right to be free from changes in the land use laws.") (citation and internal quotation marks omitted); *Poppell v. City of San Diego*, 149 F.3d 951, 969 (9th Cir. 1998) (holding that the plaintiff "simply has no right to be free of the zoning codes duly established by the City of San Diego"); *CraneVeyor Corp. v. City of Rancho Cucamonga*, 2023 WL 3017949, at *2 (9th Cir. Apr. 20, 2023) (unpublished) ("[A] property owner cannot reasonably expect that property [ ] be free of government regulation such as zoning.") (citation and internal quotation marks omitted).

ORDER - 3

The Complaint thus fails to state a cognizable legal theory to support a claim for relief that is plausible on its face.  Accordingly, the Court GRANTS Defendants' Motion to Dismiss (Dkt. # 35) and DISMISSES Plaintiff's Amended Complaint (Dkt. # 33).  Additionally, because the Court finds that the deficiencies identified in this Order are uncurable, it concludes that amendment would be futile.  It thus DENIES Plaintiff leave to amend and DISMISSES Plaintiff's § 1983 claims with prejudice.[2]

Dated this 28th day of May, 2026.

John H. Chun
United States District Judge

---

[2] *See, e.g.*, *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) ("A district court does not err in denying leave to amend where the amendment would be futile or where the amended complaint would be subject to dismissal.") (internal citations omitted); *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (holding that dismissal with prejudice and without leave to amend is appropriate if the complaint cannot be saved by amendment).

ORDER - 4